478 P.2d 135

**Vern Z. WALTON, dba Vern Walton Motors, Appellant,**

**v.**

**Leroy HAGER and Trinidad Hager, husband and wife, Appellees.**

**No. 2 CA–CIV 775.**

Court of Appeals of Arizona, Division 2.

Dec. 23, 1970.

Rehearing Denied Jan. 15, 1971.

Karman & Brumage, by Howard H. Karman, Casa Grande, for appellant.

Bilby, Thompson, Shoenhair & Warnock, P.C., by Clague A. Van Slyke, Tucson, for appellees.

· HOWARD, Chief Judge.

This is an appeal from an order of the Superior Court denying appellant's motion for a new trial. Judgment was entered in favor of the appellees following a trial to the court sitting without a jury. We shall hereafter refer to the parties as they. appeared below.

The plaintiff in a Pontiac-Buick dealer in Casa Grande, Arizona who is engaged in the business of selling, servicing and repairing automobiles. Defendants are husband and wife residing in Tucson, Arizona.

On August 30, 1968, the defendants left Tucson on a vacation trip. Somewhere near Casa Grande they experienced mechanical troubles with their 1966 Buick automobile. The defendants arranged to have their car towed to plaintiff's garage. At the garage the car motor was disassembled and the problem was determined to be a severe "scoring" of the cylinder walls caused by extreme overheating. The automobile was left at the garage for purposes of repairing it and the defendants returned to Tucson.

Approximately one week later the car had been repaired. The defendants went to Casa Grande, took delivery of the car and paid the repair bill by a check drawn on the Southern Arizona Bank. After returning to Tucson, the defendants stopped payment on the check. This suit is a result of non-payment of that check.

The controversy here arises from the fact that both defendants and plaintiff disagree as to what defendants ordered put into their car. The plaintiff claims defendants ordered a "rebuilt short block" guaranteed by the company which sells ·them and defendants claim they ordered a "new short block" [1] guaranteed by General Motors. A "rebuilt" short block was in fact installed and defendants stopped payment on the check. · ·

The case was tried to a judge without a jury who found in favor of the defendants.

At trial the plaintiff attempted to show that the defendants had waived any breach of the contract by not offering to return the engine and further that there was only a partial failure of consideration. Indeed the defendants have not at any time in the pleadings or otherwise offered to rescind the contract. The court refused to permit the plaintiff to proceed on these theories and sustained defendants' objection to any questions along the line of plaintiff's theories. The defendants did not set up failure of consideration as an affirmative defense in their answer (See 16 A.R.S., Rule 8(d), Rules of Civil Procedure.) but relied upon the same at trial without objection from the plaintiff. Defendants counter that to permit the plaintiff to show defendants still have the engine, is a variance from the pleadings and would allow the plaintiff to recover on quantum meruit. This contention ignores the fact that defendants have the burden of proving a failure or partial failure of consideration. It also ignores the fact that one cannot have both his money and the engine.

In Trollope· v. Koerner, 106 Ariz. 10, 470 P.2d 91 (1970); the court stated that where an express contract is pleaded, it is unnecessary to plead a claim for recovery in quantum meruit. Cases supporting such dicta are found in 84 A.L.R.2d 1077 (1962) ·in an annotation entitled "Pleading—Recovery in Quantum Meruit." We adopt the rule cited with favor in Trollope v. Koerner, supra, and hold that recovery should be allowed ·in quantum meruit even though the suit was originally framed on express contract. We also hold that amendments to pleadings should be .freely allowed at any stage of the proceedings, including considering the pleadings amended to conform to the proof. If this .were not the rule, we would then be faced in this case with an excellent example of the injustice of pleading technicalities, an

---

1. The plaintiff testified that the difference between a new short block and a rebuilt one is that in the rebuilt short block · everything is new except the block itself— the cast iron; whereas, in the new short block the cast iron is also new.

injustice which our rules of pleading were supposed to eliminate. Such a result seems more in keeping with the "sporting" theory of justice than the theory of justice to which we subscribe.

Neither party at trial seemed to know what the case was really about and completely misled the trial court. As in the *Trollope* case this case suffers from "lack of pretrialitis," a frequent condition found in cases where the amount at stake is relatively small. It is a condition which causes a great deal of wasted judicial time.

Judgment is reversed and the cause is remanded for new trial.

KRUCKER and HATHAWAY, JJ., concur.